

FILED
IN OPEN COURT

OCT 1 5 2025

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:25cr101 |
| | ) | |
| JERRY KEITH BRADY, JR., | ) | |
| | ) | |
| *Defendant.* | ) | |

STATEMENT OF FACTS

By signing below, the parties stipulate that the allegations contained in Counts Ten and Fourteen of the pending indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. JERRY KEITH BRADY, JR., (BRADY) was a police officer in Eastville, Virginia, in the Eastern District of Virginia. Beginning in or about November of 2020, and continuing through in or about November 2024, BRADY did knowingly and unlawfully devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, which affected a financial institution, transmit and cause to be transmitted by means of wire, radio, and television communication, in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds for the execution of such scheme and artifice to defraud.

2. BRADY concocted a scheme in the Eastville community to convince at least 13 individuals to loan him money on the fraudulent premise that he needed the money to pay fees related to some type of inheritance he was due. BRADY approached friends, acquaintances, and colleagues whom he knew professionally and solicited them for various amounts of loans to



pay off either attorney's fees, taxes or other related fees that BRADY claimed were associated with receiving an inheritance or life insurance proceeds he was due from a deceased relative. BRADY promised his victims that once the fees and taxes were paid and he received the proceeds from the estate of his deceased relative, he would pay back the funds to the victims. In truth and fact, as BRADY well knew, he was not due any large inheritance or life insurance policy and most of the funds BRADY used for his own benefit and for gambling.

    3.    BRADY obtained the funds on most occasions by having the victims write him a personal or cashier's check. Many of these checks contained references in the memo lines that indicated they were loans. BRADY falsely told the victims these loans were needed for the payment of the fees and taxes associated with an inheritance or real estate. Some victims even had BRADY sign a written contract or promissory note agreeing that he would repay the monies. When the repayment date came and passed without the victims getting their money paid back, BRADY often stated that he needed more money, or he would lose the inheritance entirely. In many instances, based on BRADY's representations, the victims provided BRADY additional funds.

    4.    In this manner, BRADY was able to defraud 13 victims of at least $831,250, in 33 separate transactions. BRADY received checks that were drawn from numerous different bank accounts located in and outside of the Commonwealth of Virginia. BRADY deposited the checks in his First Horizon Bank account at a local branch in Cape Charles, Virginia. First Horizon Bank is headquartered in Memphis, Tennessee with deposits insured by the Federal Deposit Insurance Corporation (FDIC). BRADY's act of depositing the checks into his First Horizon Bank account caused wire transfers between the Commonwealth of Virginia, the state of

JK
JB
VMB

Tennessee and several other states to effect the transfer of funds from the victim accounts to BRADY's First Horizon Bank account.

5.  Specifically, on August 13, 2024, BRADY deposited a check totaling $5,000 from victim C.E.'s Shore United Bank account, located in Easton, Maryland, into his First Horizon Bank account.  This deposit caused various wire signals to move in interstate commerce, between Maryland, Tennessee, and Virginia to effectuate the transfer.  C.E. provided BRADY the check because BRADY and C.E. were friends who grew up together and worked together.  BRADY told C.E. he needed the money to pay taxes due on property to prevent it from going into foreclosure.  BRADY promised to repay C.E. in full, including a percentage of the proceeds from a later sale of the property.  BRADY did repay C.E. some of the money, but still owes approximately $23,000 to C.E.

6.  In total, BRADY defrauded the following individuals the following amounts of money:

| | |
|---|---|
| J.S. | $106,650 |
| M.B. | $172,200 |
| J.G. | $106,700 |
| R.A. & D.A. | $150,000 |
| W.B. | $55,700 |
| N.P., P.P., & K.K. | $19,000 |
| K.P. | $76,000 |
| D.B. | $51,000 |
| A.S. | $15,000 |

3



| | |
|---|---|
| C.E. | $23,000 |
| G.H. | $9,000 |
| J.N. | $35,000 |
| G.S. | $12,000 |

7. On October 3, 2024, BRADY received $35,000 in fraudulent proceeds from J.N. as a result of BRADY's scheme and artifice to defraud. Shortly thereafter, on October 7, 2024, BRADY used $13,000 of these funds to pay back another victim, G.H. a portion of the funds that BRADY had previously defrauded from G.H.

8. BRADY used the money for himself and various expenses. Most of the money BRADY wasted gambling at casinos or through online sports betting apps. BRADY also spent vast sums gambling at the "skill" machines located in gas stations on the Eastern Shore of Virginia.

9. The acts taken by the defendant, JERRY KEITH BRADY, JR., in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case.

Respectfully submitted,

Lindsey Halligan
United States Attorney

By: _____
Joseph L. Kosky
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JERRY KEITH BRADY, JR., and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
JERRY KEITH BRADY, JR.
Defendant

I am Virginia Bare, JERRY KEITH BRADY, JR.'s attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Virginia Bare, Esquire
Attorney for JERRY KEITH BRADY, JR.