**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

UNITED STATES OF AMERICA

v.

JERRY BRADY, JR.,

Defendant.

Case No. 2:25-cr-101

**OPINION & ORDER**

Defendant Jerry Brady, Jr. filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 34. Because he fails to demonstrate extraordinary and compelling reasons to justify a change in his sentence, the motion will be denied.

## I. BACKGROUND

The defendant pleaded guilty to one count of wire fraud and one count of money laundering, in violation of 18 U.S.C. §§ 1343 and 1957. ECF No. 15. The Court sentenced him to 36 months of imprisonment on each count, to be served concurrently. ECF No. 26.

Approximately six months after his sentencing, the defendant filed a motion for a sentence reduction, with several supporting addenda. ECF Nos. 34, 36, 37. The government has not yet responded, but the Court does not require a response to decide the defendant's motion.

## II. LEGAL STANDARD

### A. Exhaustion

Before the court may consider a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the defendant must exhaust their administrative rights to appeal failure by the Federal Bureau of Prisons to bring a motion on the defendant's behalf. 18 U.S.C. § 3582(c)(1)(A). Alternatively, once 30 days have passed after the defendant requested relief from the warden of their facility, the defendant may file a motion with the court as though they had exhausted their administrative remedies. *Id.*; *see United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (clarifying that defendants may satisfy the exhaustion requirement by waiting 30 days from the date of their initial request to file a motion in the district court, even if the warden has already responded to their request). The exhaustion requirement "is a non-jurisdictional claim-processing rule" and therefore "may be waived or forfeited." *Muhammad*, 16 F.4th. at 130.

### B. Merits

A court may modify a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if, after considering the sentencing factors in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." *United States v. Hargrove*, 30 F.4th 189, 197-8 (4th Cir. 2022). The overarching purpose of the compassionate release mechanism guides district courts' consideration:

> When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing

> terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances — when sufficiently extraordinary and compelling — than to society's interests in the defendant's continued incarceration and the finality of judgments. Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other.

*Id.* at 197. Courts in this district have generally considered the defendant's arguments regarding extraordinary and compelling reasons for sentence reduction first, then balanced the outcome of that analysis against the sentencing factors in section 3553(a). *E.g.*, *United States v. Ogun*, No. 4:12-cr-4, 2023 WL 2207114, at *7 (E.D. Va. Feb. 24, 2023); *United States v. Nurani*, No. 2:11-cr-34-3, 2023 WL 2058649, at *3 (E.D. Va. Feb. 16, 2023).

### *i. Extraordinary & Compelling Reasons*

A court may reduce a prisoner's sentence under § 3582(c)(1)(A)(i) if it finds "extraordinary and compelling reasons" to do so. The prisoner bears the burden of demonstrating such reasons. *See Hargrove*, 30 F.4th at 195.

The United States Sentencing Commission has promulgated a policy statement, U.S.S.G. § 1B1.13, which attempts to define what may constitute "extraordinary and compelling reasons." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). The policy statement provides a non-exhaustive list of extraordinary and compelling reasons for reducing a sentence:

> (1) the defendant's the medical circumstances, U.S.S.G. § 1B1.13(b)(1);
>
> (2) the defendant's age, U.S.S.G. § 1B1.13(b)(2);

(3) the defendant's family circumstances, U.S.S.G. § 1B1.13(b)(3);

(4) whether the defendant was a victim of abuse while incarcerated, U.S.S.G. § 1B1.13(b)(4);

(5) "other reasons," U.S.S.G. § 1B1.13(b)(5); or

(6) an unusually long sentence, if the defendant meets certain conditions, U.S.S.G. § 1B1.13(b)(6).

The Sentencing Commission's policy statement provides that extraordinary and compelling reasons exist in several circumstances related to the defendant's physical health. First, where:

> The defendant is suffering from a terminal illness . . . serious physical or medical condition . . . serious functional or cognitive impairment . . . [or] deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(b)(1)(A–B). Second, where:

> The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(C). And lastly, where:

> . . . (i) The defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G § 1B1.13(b)(1)(D)(i–iii).

The incapacitation of a defendant's parent constitutes an extraordinary and compelling reason "when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

The policy statement also clarifies to what extent rehabilitation of the defendant can be considered in the extraordinary-and-compelling-reason analysis. U.S.S.G. § 1B1.13(d). It states that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for the purposes of this policy statement;" however, rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

***ii. 18 U.S.C. § 3553(a) Factors***

After completing the "extraordinary and compelling reasons" analysis, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mumford*, 544 F. Supp. 3d 615, 617–20 (E.D. Va. June 21, 2021). Even if the Court finds extraordinary and compelling reasons to reduce a petitioner's sentence, it may ultimately deny a motion for compassionate release if its analysis of the § 3553(a) factors counsels against release. *Id.* Those factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [by the Sentencing Commission];

(5) any pertinent policy statement [issued by the Sentencing Commission] [that is in effect on the date the defendant is sentenced except as provided in section 3742(g)];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## III. ANALYSIS

### A. Exhaustion

The defendant submitted a request for compassionate release and reduction of sentence to the Bureau of Prisons on July 11, 2026. *See* ECF No. 36.[1] The defendant

[1] The warden denied his request on August 31, 2026. ECF No. 36.

waited over 30 days after the date of his initial request prior to filing the instant motion before this Court. *See* ECF No. 34 (defendant's motion filed on August 17, 2026). Accordingly, the defendant has satisfied his exhaustion requirements under 18 U.S.C. § 3582.

**B. Merits**

***i. Extraordinary & Compelling Reasons***

*a. Mental Health*

Prior to his incarceration, the defendant fell, and he was subsequently diagnosed with post-concussion syndrome that was treated with therapy twice weekly to "manage [his] condition." ECF No. 34 ¶¶ 16–17. However, while incarcerated, that underlying illness has resulted in "severe and debilitating anxiety" and depression that have been exacerbated by the difficult conditions of incarceration, as well as loss of access to the "specialized, twice-weekly psychiatric and neurological care" he received before being in prison. *Id.* ¶ 17; *see also* ECF No. 34-1 at 3. The defendant also claims that he is especially prone to anxiety and depression while he is incarcerated because of his background as a law enforcement officer, which exposes him to danger and risk in prison that "carr[y] a psychological weight that is different from what most inmates face[.]" ECF No. 34-1 at 3. He requests home confinement in part because it would "allow for self care in the areas of mental health counseling and other therapeutic remedies to also assist [his] pain." *Id.*

While the Court hopes that the defendant receives proper treatment for his anxiety and depression while he is in prison, these conditions are not unique to the

defendant, and as a result, neither presents an extraordinary and compelling reason for relief. That is especially true because the defendant has not provided any supporting documentation to suggest that his mental health is seriously deteriorating, that he is not expected to recover from such concerns, or that his incarceration substantially diminishes his ability to provide self-care. *See* § 1B1.13(b)(1). The facts, as presented here, do not justify relief.

The defendant also suggests that he may receive better care if he were not in a correctional facility. That might be true, but that is not a sufficiently extraordinary and compelling reason to warrant relief under § 1B1.13(b)(1). *See United States v. Kelly*, No. 1:19-cr-363, 2025 WL 2062187, at *4 (D. Md. July 23, 2025) (holding that whether the defendant "would fare better and receive better care if living at home . . . is not the relevant inquiry under § 1B1.13(b)(1)(C)").

Further, to the extent that the defendant argues that his status as a former law enforcement officer affects his level of risk and his ensuing mental health conditions while he is incarcerated, the Court already considered that status during sentencing. Nor does the Court find it appropriate to reduce the defendant's sentence by way of the position of trust he once had and exploited.

Therefore, the Court concludes that the defendant's anxiety and depression and alleged post-concussion syndrome do not constitute extraordinary and compelling circumstances.

*b. Family Circumstances*

The defendant asserts that his family circumstances are an extraordinary and compelling reason to warrant a change in his sentence. Namely, he alleges that his mother, who is 63 years old and retired, "need[s] [] hip replacement surgery" and that regular visitation for assisting her is "functionally unavailable." ECF No. 34 ¶ 20.[2] Therefore, he requests home confinement in the district where his family is located so he can tend to his parent "in declining health." *Id.*

The Court does not find these circumstances constitute an extraordinary and compelling reason to justify relief. While the Court empathizes with the difficulty of managing elder care, the defendant does not provide any explanation for why his mother—who appears to also live at his family home in Exmore, Virginia—requires *his* care specifically, when the defendant's wife is also theoretically able to assist her. *See* ECF No. 34 ¶ 20 (referring to "family's home"). The defendant does not explain why she or other family members cannot provide the care his mother requires, and §1B1.13(b)(3)(C)'s policy statement focuses on whether the defendant "would be the only available caregiver" for an *incapacitated* parent. Without any detail to support the claim that the defendant is the only person capable of caring for his mother and actual evidence demonstrating her incapacitation, the Court cannot conclude that this is an extraordinary and compelling reason to reduce the defendant's sentence.

[2] The defendant says elsewhere that his mother "could *possibly* require" a hip replacement. ECF No. 36 at 2 (emphasis added). The lack of certainty regarding any pending medical procedures and whether his mother is, in fact, incapacitated, in addition to the lack of detail regarding whether the defendant is his mother's sole caregiver, also suggests relief is not appropriate here.

*c. Rehabilitation*

The defendant states that he has made significant progress toward rehabilitation while in prison and maintains that "his period of incarceration has already accomplished a measure of the law's purpose independent of its duration." ECF No. 34 ¶ 19. He claims that he has used his incarceration to "confront" "what brought him [to prison]" and to rededicate himself to his Christian faith. *Id.* He also highlights his service as a warden orderly, through which he assists others by maintaining the administrative areas of the Terra Haute complex. *Id.*; ECF No. 36 at 1–2. The defendant also intends to become a certified peer support specialist specializing in problematic gambling and other behavioral addictions after his release. ECF No. 34 ¶ 21.

Despite the defendant's commendable activities while incarcerated, the law remains that rehabilitation is not itself an extraordinary and compelling reason for compassionate release. *See* U.S.S.G. § 1B1.13(d). Though the Court may consider the defendant's rehabilitative efforts "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted," rehabilitation is not, by itself, enough. *Id.*

Therefore, the defendant's rehabilitative efforts, even when viewed alongside the other arguments he makes, fail to constitute an extraordinary and compelling reason to grant this motion. The defendant has not shown any other justifiable basis for reducing his sentence, and the law is clear that his rehabilitative efforts while incarcerated may not stand alone.

In sum, the defendant has not shown an extraordinary and compelling reason for a sentence reduction, and his motion fails as a matter of law at the first step.

* * *

In his motion, the defendant also references his geographic isolation, having been designated to FCI Terre Haute, nearly 900 miles from his family located on the Eastern Shore of Virginia. ECF No. 34 ¶ 20. The Court is certainly sympathetic that this designation makes it difficult for the defendant to spend time with his loved ones. After all, that is why the Court recommended the defendant be assigned to a low-security facility as close as possible to the Commonwealth of Virginia. ECF No. 29 at 2. The Court has its suspicions about why the defendant was placed so far away from Virginia, and while that placement does not change the Court's analysis of the extraordinary and compelling test, the Court will recommend that the Bureau of Prisons consider moving the defendant closer to his family to facilitate his ability to see them more regularly.

***ii. 18 U.S.C. § 3553(a) Factors***

However, even if the defendant had shown extraordinary and compelling reasons for relief, the factors provided in 18 U.S.C. § 3553(a) do not support reducing his sentence.

The "nature and circumstances of the offense[s]" are significant. The defendant is a former law enforcement officer who blatantly abused that position of trust in the community to defraud individuals out of hundreds of thousands of dollars. *See* ECF No. 31 (presentence report). The seriousness of those circumstances strongly weighs

against the defendant. In the same vein, the Court must also consider "the need for the sentence imposed" "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Court considered the egregiousness of the defendant's conduct—particularly considering his status as a trusted police officer—at sentencing. "[R]espect for the law" would not be served by reducing the defendant's sentence, particularly because the defendant has only served a few months of it.

Finally, the Court has considered the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). While the defendant has no criminal history or conduct beyond that of his convicted offenses, the Court already took that history into account at sentencing. Additionally, though the Court applauds the defendant for his commitment to his own recovery and in supporting individuals through their own recoveries, the Court expects that every defendant serving a custodial sentence takes advantage of opportunities to improve themselves and others while incarcerated. Therefore, the defendant's history and characteristics do not move the needle of sentencing factors from where they were at sentencing.

The Court concludes that the sentence currently imposed remains "sufficient, but not greater than necessary" and that the § 3553(a) factors do not recommend a reduction in sentence.

## IV. CONCLUSION

The Court finds that the defendant has not carried his burden to show extraordinary and compelling reasons that warrant a reduction in his sentence.

Additionally, the sentencing guidelines under 18 U.S.C. § 3553(a) do not support granting the defendant's motion. Accordingly, the motion for a sentence reduction (ECF No. 34) is **DENIED**.[3]

The Court **RECOMMENDS** to the Federal Bureau of Prisons that it redesignate the defendant to low-security facility as close as possible to the Commonwealth of Virginia. Should the Bureau of Prisons not comply with this recommendation, it is **DIRECTED** to explain its reasoning to the Court in writing.

The Clerk is **DIRECTED** to provide a copy of this Opinion and Order to the defendant and to the Federal Bureau of Prisons.

**IT IS SO ORDERED**.

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
November 18, 2026

[3] Because there is no filing fee associated with the defendant's motion, his request to proceed *in forma pauperis* (ECF No. 35) is **DENIED**.